UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                              Case No. 26-CR-8-JL-TSM

JUSTIN JACKSON

Defendant.

MEMORANDUM IN SUPPORT OF MOTION FOR PRETRIAL DETENTION

The United States of America, through undersigned counsel, submits this memorandum in support of the motion for pretrial detention of the above-captioned defendant. For the reasons discussed below, the government contends that the defendant poses a danger to the community, and that there are not adequate conditions to mitigate those risks.

A.      **Procedural History**

On February 4, 2026, following a multi-year Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") investigation, a grand jury sitting in this District returned an indictment charging Justin Jackson with one count of Conspiracy to Straw Purchase, in violation of 18 U.S.C. § 932(b)(2) and one count of Firearms Trafficking Conspiracy, in violation of 18 U.S.C. §§ 933(a)(1) and (3).

On the same day, the government and defense counsel arranged for Justin Jackson to self-surrender the next day at the Keene Police Department. On February 5, 2026, the defendant turned himself in and was transported by ATF agents for his initial appearance before United States Magistrate Judge Talesha L. Saint-Marc. The government requested a one day continuance to file a detention memorandum. This memorandum addresses the known § 3142(g)

factors for the above-captioned defendant, who is scheduled for a detention hearing on February 6, 2026.

**B.      Legal Standard**

Pursuant to 18 U.S.C. § 3142(f)(1)(E), the Court shall hold a detention hearing upon motion of an attorney for the government in a case that involves the possession or use of a firearm.

**C.      Discussion of 3142(g) Factors**

**1.      Nature and Circumstances of the Offense**

Case background:

The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and Homeland Security Investigations (HSI) are leading an investigation into a transnational criminal organization involved in international firearms smuggling originating in New Hampshire. ATF and HSI have been assisted, throughout this investigation, by various agencies including Customs and Border Protection (CBP), Keene Police Department, Ontario Provincial Police (OPP), Saint Regis Mohawk Tribal Police (SRMTP), Akwesasne Mohawk Police Service (AMPS), and Sûreté du Québec. To date, ATF and HSI have identified more than forty firearms that have been straw purchased in New Hampshire and trafficked through Vermont and into New York State and/or Canada. The criminal organization traffics firearms through various Native American reservations with the ultimate destination ending in Canada. Co-conspirators Dustin Tuttle (25-cr-97-01-JL-TSM) and Melissa Longe (26-cr-04-JL-TSM) have pled guilty to Conspiracy to Straw Purchase Firearms, in violation of 18 U.S.C. §§ 932(b)(2); Conspiracy to Traffic Firearms, in violation of 18 U.S.C. §§ 933(a)(1) and (3), and Sale of a Firearm in Furtherance of a Felony, in violation of 18 U.S.C. § 922(d)(10). Dustin Tuttle and Melissa Longe

admitted to working at the behest of Justin Jackson to straw purchase firearms for the purpose of trafficking them across state lines.

Several of these firearms have been recovered at various Canadian crime scenes in the hands of members or suspected members of organized crime. The co-defendant, Melissa Longe, purchased six (6) firearms that were recovered as part of various criminal investigations in Canada.

One firearm, a Glock Model 28, .380 caliber semi-automatic pistol with serial number AHSR021, was recovered on January 16, 2025, as part of a criminal search warrant in Montreal, Quebec, Canada. That firearm was purchased by the co-defendant, Melissa Longe, on or about October 19, 2023, from Black Op Arms in Claremont, New Hampshire.

A second firearm, Smith & Wesson M&P Bodyguard 38, .38 Spl caliber revolver, with serial number CVW3838, was found discarded in a snowbank in Montreal, Quebec, Canada on or about December 30, 2024. That firearm was purchased by the co-defendant, Melissa Longe, from American Trikes and Motorsports in Keene, New Hampshire, on or about September 28, 2023.

A third firearm, a FN Five-Seven, 5.7x28mm caliber semi-automatic pistole, with serial number 386423404, was recovered on or about December 18, 2024, as part of a criminal search warrant in Montreal, Quebec, Canada. That firearm had an obliterated serial number, but it was restored by the Laboratoire de Sciences judiciaires et de medicine legale (LSJML). It was purchased by the co-defendant, Melissa Longe, from Sporting and Hunting Depot, LLC, in Charlestown, New Hampshire on or about November 1, 2023.

3

A fourth firearm, a Glock Model 43, 9x19mm caliber semi-automatic pistol, with serial number AHLT557, was recovered during an abduction investigation on or about April 24, 2024, in Saguenay, Quebec, Canada. A fifth firearm, a Glock Model 19M, 9x19mm caliber semi-automatic pistol, with serial number AHVY161, was recovered on April 18, 2024, as part of the same abduction investigation in Saguenay, Quebec, Canada. Both firearms contained serial numbers that were obliterated but successfully restored by LSJML. Both firearms were purchased by the co-defendant, Melissa Longe, on or about October 19, 2023, from Black Op Arms in Claremont, New Hampshire.

Finally, the sixth firearm, a S.C. Nova Draco NAK-9, 9x19mm caliber semi-automatic pistol, with serial number RON22245780, was recovered on or about February 28, 2024, as part of a criminal investigation in La Baie, Quebec, Canada. It was purchased by the co-defendant, Melissa Longe, on or about September 28, 2023, from American Trike and Motorsports, in Keene, New Hampshire.

On or about October 19, 2023, the co-defendant, Dustin Tuttle, purchased (1) a Glock, 17, 9mm, pistol, serial number (SN): BSHS739; (2) a Zastava, ZPAP 92, 7.62mm, pistol, SN: Z92-101899; and (3) a Tisas-Trabzon Gun Industry Corp, .45 cal, Pistol, SN: T0620-23Z13537, from the FFL Black Op Arms.

On or about October 20, 2023, the co-defendant, Dustin Tuttle, purchased a Glock 26, 9mm, piston, SN: BRZH077 from American Trikes & Motorsports.

On or about October 31, 2023, the co-defendant, Dustin Tuttle, purchased (1) a Smith & Wesson, Bodyguard, .380 cal, pistol, SN: KJH3188; and (2) a Colt Canada, MKIV, .45 cal, pistol, SN: RRD1226, from Trader Johns Gun Shop LLC.

On or about June 23, 2022, the co-defendant, Dustin Tuttle, purchased a SAR 9, 9mm pistol, SN: T11102-21BV95039, from American Trikes & Motorsports.

Finally, on or about December 16, 2022, the co-defendant, Dustin Tuttle, purchased a Colt, M1911A1, .45cal., pistol, SN: 2799591.

Two of these firearms were found at crime scenes in Canada. On or about August 30, 2024, a Glock Pistol GMBH Model 26, was found by the Montreal City Police Department in Montreal, Quebec, as part of a search warrant executed on a residence in relation to a kidnapping investigation. The serial number was obliterated but restored successfully and shown to be BRZH077. This firearm was purchased by a co-defendant, Dustin Tuttle, at American Trikes & Motorsports in Keene, New Hampshire, on or about October 20, 2023. The Glock 17 with serial number BSHS739 was recovered on or about November 27, 2024, in Chandley, Quebec, Canada.

Throughout the investigation, ATF and HSI have conducted multiple interviews of individuals involved in the firearm trafficking organization, to include the defendant, Justin Jackson. In a recorded interview, the defendant stated, in sum and substance, that he was trafficking the firearms to make money because he was afraid of losing his house; he was trafficking the firearms to New Yorkers who would come to his home in Vermont; he used Melissa Longe and Dustin to straw purchase the firearms, and that they got paid $100 per firearm that they purchased. He also admitted to trading firearms for a motorcycle at one point. The defendant is prohibited from possessing firearms under 18 U.S.C. § 922(g)(9) because he has been convicted of a misdemeanor crime of domestic violence, namely for the offense of Simple Assault, in the Cheshire County, 8th Circuit, District Division, Keene, New Hampshire, Case Number 449-2002-CR-02103, on May 14, 2002.

5

Approximately 48 hours ago, ATF was notified by its Canadian partners that they had identified yet another firearm found at a crime scene that was purchased by the defendant's trafficking organization.

2. **Weight of the Evidence**

The weight of the evidence for the defendant's possession of the forty-four (44) firearms is strong. The defendant admitted to utilizing two straw purchasers to obtain the firearms from various gun stores in New Hampshire. The defendant also admitted to bringing them back to Vermont where the guns were then transferred to individuals from New York.

3. **History and Characteristics of the Defendant**

The defendant's most recent conviction is a misdemeanor simple assault in 2015. He is federally prohibited from possessing firearms because of a simple assault domestic violence conviction in 2002.

However, the defendant's recent actions involve attempts to contact targets of the government's case to influence the outcome of the investigation. Those attempts concern the government that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

4. **Danger to a Person or the Community**

The defendant's repeated attempts to contact targets of the investigation to influence the government's criminal case, viewed alongside the defendant's trafficking of over forty firearms, demonstrates his dangerousness and willful disregard for the law. Even though the underlying conduct for the current indictment occurred over a year ago, the defendant continues to engage in criminal conduct when he knows that a criminal investigation is occurring.

**D.    Conclusion**

6

For the reasons discussed herein, the government submits that pretrial detention is necessary to protect the community.

Dated:  February 5, 2026                    Respectfully submitted,

                                            Erin Creegan
                                            United States Attorney

                                            By:  /s/ Christopher Marin
                                                 Christopher Marin
                                                 Special Assistant United States Attorney


                         CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing has been forwarded via ECF filing to all counsel of record.

                                            /s/ Christopher Marin
                                            Christopher Marin
                                            Special Assistant United States Attorney

7